# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2009

Charles R. Fulbruge III
Clerk

No. 07-51030
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

OMAR EDUARDO HERMOSILLO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-1259-ALL

Before HIGGINBOTHAM, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Omar Eduardo Hermosillo appeals following his guilty plea convictions for conspiracy to possess with the intent to distribute 500 grams or more of methamphetamine, use of a firearm during and in relation to a drug trafficking crime, being a felon in possession of a firearm, and being a fugitive in possession of a firearm. As his sole argument on appeal, Hermosillo argues that his trial counsel rendered ineffective assistance.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"The general rule in this circuit is that a claim for ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) (internal quotations, alteration, and citation omitted). "Except in those rare instances where an adequate record exists to evaluate such a claim on direct appeal, this court generally declines to address it, without prejudice to it being raised under [28 U.S.C.] § 2255." *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992).

Hermosillo did not raise his claim of ineffective assistance in the district court. Moreover, an adequate record does not exist to evaluate all of Hermosillo's allegations. Accordingly, we decline to address Hermosillo's claims, without prejudice to Hermosillo's rights to raise them in a timely 28 U.S.C. § 2255 motion.

AFFIRMED.